UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TASHA HERBERT                                             CIVIL ACTION

Versus                                                    NO.: 11-2557

RSAE, LLC                                                 SECTION: "F"

ORDER AND REASONS

 Before the Court are cross-motions for summary judgment. For the reasons that follow, the motions are DENIED without prejudice.

I. Background

 This case involves a claim under Title III of the Americans with Disabilities Act.  Plaintiff, Tasha Herbert, suffers from spina bifida, a condition which requires her to use either a walker or a wheelchair.

 In October 2011, plaintiff sued RSAE, LLC, which owns a Domino's Pizza store at 1120 Franklin Avenue in New Orleans (the property is leased to RPM Pizza, which is responsible for the operation of the restaurant).  In her complaint, plaintiff alleges that the Domino's Pizza building violates the Americans with Disabilities Act in numerous ways, and makes it difficult for her to access the store.  Specifically, plaintiff asserts that: (1) the number of disabled parking spaces is not in compliance with the Code of Federal Regulations requirements; (2) the handicapped accessible spaces are improperly marked and

1

dispersed; (3) there are no van accessible parking spaces; (4) the handicapped parking sign is at an improper height; (5) there is no accessible route to the facility from the street and sidewalk; (6) there is no compliant accessible route from the parking areas to the facility.

Plaintiff asks the Court for a declaration that the facility is in violation of the ADA; that the Court direct the defendant to alter the facility so as to bring it into compliance with the ADA, and that the Court award the plaintiff attorney's fees.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment

is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

### III. Discussion

The Court denies the parties' cross-motions for summary judgment because genuine issues of material fact make summary relief inappropriate, and because renovation efforts on the Domino's Pizza store are ongoing.

In her motion for summary judgment, the plaintiff asks the Court to declare that the defendant is in violation of the ADA for having constructed a ramp with a slope that is steeper than what the Act's implementing regulations permit.  In response, defendant has asserted the defense of structural

impracticability, arguing that because of the City of New Orleans' building height requirements, the defendant could not construct an ADA-compliant ramp.  Such a determination of structural impracticability is patently a fact issue, and cannot be summarily determined.  Accordingly, the Court also cannot declare whether the Domino's Pizza facility was in violation of the ADA for failure to have a ramp with the ADA-compliant slope.

In its motion for summary judgment, the defendant asserts that plaintiff was not denied access to the Domino's Pizza restaurant because of the building's design as there were other ways for her to purchase food and beverages from that building.  This too, however, is a fact issue that the Court cannot determine on summary judgment.

Lastly, the defendant's assertions that it is in the process of installing a new side door and walkway which would enable the facility to become fully compliant with the ADA.  The defendant represents that the new entrance will be operational in mid-June.  Accordingly, any such alternative arrangements are not yet permanent, and to the extent that the ramp violates the ADA, the proposed modifications have not yet mooted any alleged violation.  See Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 189 (2000).

Accordingly, IT IS ORDERED: the parties' cross-motions for summary judgment are DENIED without prejudice.

Case 2:11-cv-02557-MLCF-DEK   Document 30   Filed 05/16/12   Page 5 of 5

New Orleans, Louisiana, May 16, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE